E. H. ARMSTRONG v. DURON W. BROWNING, as Administrator of the Estate of Hobert S. Browning, deceased, and RELIANCE LIFE INSURANCE COMPANY, OF PITTSBURGH, PENNSYLVANIA.

165 So. 30.

Division B.

Opinion Filed January 3, 1936.

320

*Leon J. C. Harton,* for Appellant;

*P. W. Harvey, B. F. Brass* and *Green & West,* for Appellees.

BUFORD, J.—The appeal in this case brings for review final decree in favor of the appellee in a suit brought by the appellee to require payment to him of proceeds of two certain insurance policies.

Before final decree the suit was dismissed insofar as it applied to one of the insurance policies.

The policies were numbered 168123 and 168124, respectively. The policies were issued by Reliance Life Insurance Company of Pittsburgh, Pa., on the life of Hobert S. Browning and were for $1,000.00 each. The policies were originally payable to Duron W. Browning as beneficiary and both policies were twenty-year endowment life insurance policies issued on the 19th day of December, 1919.

On December 30, 1919, Hobert S. Browning elected and did change the name of the beneficiary in policy number 168123 to H. S. Browning Company, it being alleged that H. S. Browning Co. was the trade name under which Hobert S. Browning did business.

On January 27, 1924, Hobert S. Browning assigned policy No. 168124 to E. H. Armstrong to secure moneys advanced by Armstrong to pay premiums on both policies.

The assignment was recorded in the home office of the Insurance Company on February 5th, 1924, and the policy was returned to Armstrong.

On January 27, 1924, Browning delivered policy No. 168123 to Armstrong as it was alleged to secure the payment of premiums which Browning had found himself unable to pay. Browning died when each of the policies had an extended insurance value of $1,010.00. Armstrong claimed the whole of the proceeds of policy No. 168124 as assignee of the policy, and he claimed all of the proceeds of policy No. 168123 as the owner of the policy.

Demand was made upon the Insurance Company after the death of Browning and qualification of administrator for payment under the terms of the policies to the administrator. As Armstrong was claiming the proceeds of the policies and the administrator was also claiming the same, the Insurance Company delayed payment until the administrator brought suit to have the rights of the parties under the policies determined. After testimony was taken the suit was, as above stated, dismissed as to policy No. 168124 and decree of the Chancellor as to the proceeds of policy No. 168123 was, in effect, as follows: that Armstrong was entitled to the sum of $94.06 for advances of money to pay premiums; requiring Reliance Life Insurance Company to pay $1,010.00, the proceeds of that policy, to the Clerk of the Circuit Court of Volusia County, Florida, and upon payment thereof to be discharged; and requiring the Clerk to disburse the fund, to pay the sheriff's fees and the court costs, the amount due the Special Examiner and the sum of $94.06 to Armstrong, and then pay the balance of the proceeds of the policy to the plaintiff or his attorney and to refund to the plaintiff or his attorney of record the amount expended for costs.

The decree was entered on November 30, 1934.

A stipulation was filed in the case of January 3, 1935, as follows:

"Whereas, on the 27th day of December, 1934, on petition of Reliance Life Insurance Company of Pittsburgh, Pennsylvania, a corporation, one of the defendants in said cause, for amendment of the final decree (etc.), previously entered in above cause, a hearing was had before the Honorable M. G. Rowe; at the conclusion of which he indicated and held said final decree should be so amended as would entitle said insurance company to have an attorney's fee of One Hundred ($100.00) Dollars;

"And, whereas, on said date above mentioned, the defendant E. H. Armstrong had pending in said cause an appeal to the Supreme Court of the State of Florida, which has now been dismissed, or shortly will be;

"Now, therefore, it is hereby stipulated and agreed by and between the undersigned that upon dismissal of said appeal beoming effective, and without another or further hearing in the matter, the order and decree may be made and signed in form and substance as contemplated and intended at the conclusion of the aforesaid hearing on December 27;

"This for the purpose of avoiding any question as to the lower court having the right to make such order or decree pending the aforesaid appeal by the defendant E. H. Armstrong, who in no manner waives his right to appeal from said Order:

"This the 31st day of December, A. D. 1934."

This stipulation was signed by attorneys for Browning as Administrator, the attorneys for Armstrong and the attorneys for Reliance Life Insurance Company. On the

same day Reliance Life Insurance Company filed notice of application for rehearing.

On the same day, January 3, 1935, an order was entered amending the final decree wherein Reliance Insurance Company was allowed to deduct the sum of $100.00 from the proceeds of policy No. 168123 and pay the balance $910.00 into court and was further amended as follows:

"That the said Clerk of this Court ascertain from an examination of the records the amount paid by the plaintiff for sheriff's fees and court costs including the filing and recording of the Final Decree heretofore entered in this amendment; which shall be deducted along with the $50.00 heretofore adjudged against said E. H. Armstrong for his part of the attorneys' fees decreed to aforesaid insurance company, from the $94.06 hereinbefore mentioned as due to him; and if said $94.06 be insufficient to fully pay said costs and charges let execution issue against said E. H. Armstrong for the balance due; or if there be a balance in his favor after aforesaid deductions then said Clerk shall pay the same over to said Armstrong."

Appellant contends that the entry of that part of the decree last above quoted constituted error because it was entered after the expiration of 20 days after the entry of the final decree.

We think that the stipulation entered into by counsel waived the right to insist upon the 20 days limit.

It has been necessary to set out at length the history of the case to show what is involved here.

The controlling question in this appeal is whether or not the evidence is sufficient to support the decree. We have considered other questions presented, but find no reversible error. There is ample testimony to support the decree.

We dislike very much to appear to criticize counsel, but

we must again call counsel's attention to the fact that in the preparation of brief for the appellant Rule No. 20 has been disregarded, in this: There are no statements of questions of law to be determined by the Court stated at the beginning of the brief. There are a number of questions, but none of them state questions of law to be determined. A fair sample of them is:

"(d) Should the court below have granted the motion of the Plaintiff to strike certain portions of the answer of E. H. Armstrong?"

From this question the Court can gain no information as to the question of law presented, but must dig through the record to ascertain what question of law counsel refers to.

The brief also fails to state a history of the case. It does set forth an abstract of the pleadings and orders of the court, but it does not give the Court a brief, succinct and clear statement of the existing facts upon which the litigation is founded, and this is what the Court wishes to have done in every case, that we may read the briefs with an understanding of the facts behind the issues.

The decree should be affirmed.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J. (concurring specially).—It appears that the first appeal was taken by this appellant on December 11, 1934, and dismissed on December 31, 1934. The chancellor, having no power to act pending such appeal, the appellee could not file petition for rehearing or amendment during that period. Therefore, such period should be deducted in calculating the date when the twenty-day limit on petition for rehearing expired.